# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CAMERON McGLOTHIN,
    Petitioner,

vs.

Civil Action No. 1:09-cv-048

Barrett, J.
Hogan, M.J.

WARDEN, WARREN CORRECTIONAL
INSTITUTION,
    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case through counsel seeking a Writ of Habeas

Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on respondent's motion to

dismiss for lack of exhaustion (Doc. 6) and petitioner's response thereto. (Doc. 7).

Petitioner seeks habeas corpus relief on his convictions for murder with specifications,

having a weapon under a disability, aggravated robbery with specifications, and robbery with

specifications. He alleges six grounds for relief. At issue in the motion to dismiss are Grounds

Four and Five:

> **GROUND FOUR**: The indictment is void as it relates to the charges of Murder,
> Aggravated Robbery, and Robbery.
>
> **Supporting Facts**: Petitioner was deprived of his constitutional right to due
> process and his constitutional right to stand trial only upon an indictment issued
> by a grand jury when he was convicted and sentenced based upon an indictment
> that was void and structurally deficient due to the fact that it did not allege all the
> essential elements of the offenses of Murder, Aggravated Robbery and Robbery.
>
> **GROUND FIVE**: Petitioner's Fifth and Fourteenth Amendment rights
> prohibiting double jeopardy were violated when the trial court sentenced him on
> both the aggravated robbery and robbery charges.

(Doc. 1).

Respondent contends that Grounds Four and Five have not been exhausted and therefore the petition should be dismissed as unexhausted. *See Rose v. Lundy*, 455 U .S. 509, 510, 522 (1982) (a "mixed" petition containing both unexhausted claims and claims fairly presented to state courts is subject to dismissal without prejudice on exhaustion grounds). Respondent asserts that the fourth and fifth grounds for relief are currently pending before the First District Ohio Court of Appeals on petitioner's appeal of the trial court's denial of his "motion to vacate and set aside unmerged judgments of conviction and sentence imposed without jurisdiction."

Petitioner concedes that these two grounds for relief have not been exhausted, but that a stay of these habeas corpus proceedings is appropriate under *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005) (granting district courts discretion to stay habeas corpus proceedings to avoid statute of limitations problems under certain circumstances).

Subsequent to the filing of respondent's motion to dismiss and petitioner's response, the Ohio Court of Appeals affirmed the trial court's denial of petitioner's "motion to vacate and set aside" on October 28, 2009. *See State v. McGlothin*, Appeal No. C-080956 (First Dist. Ohio App., Oct. 28, 2009).[1] It does not appear from the state court's docket sheet that petitioner filed a notice of appeal to the Ohio Supreme Court.[2] Thus, the ruling by the Ohio Court of Appeals on petitioner's motion to vacate moots the instant motion to dismiss filed by respondent.

Nevertheless, the Ohio Court of Appeals' decision notes that petitioner also applied to reopen his direct appeal under Ohio Rule 26(B) and that by entry dated October 8, 2009, the

---

[1] *See* http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B%200508457

[2] Under Ohio law, petitioner had forty-five day to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.

Court of Appeals reopened the appeal on petitioner's claim challenging the imposition of separate prison terms for the aggravated robbery and robbery convictions under *State v. Cabrales*, 118 Ohio St.3d 54, 886 N.E.2d 181 (2008). *See State v. McGlothin*, Appeal No. C-080956 (Oct. 28, 2009).

In view of the reopening of the direct appeal by the Ohio Court of Appeals and in the interest of comity, this matter should be sua sponte stayed pending resolution of petitioner's fifth ground for relief in the state courts.

It is **RECOMMENDED** that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **DENIED**.

2. The petition be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a

3

recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

4.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 1/12/10

_____
Timothy S. Hogan
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CAMERON McGLOTHIN,
     Petitioner,

vs.

WARDEN, WARREN CORRECTIONAL
INSTITUTION,
     Respondent

Civil Action No. 1:09-cv-048

Barrett, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).