**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

CAMERON McGLOTHIN,

Petitioner, : Case No. 1:09-cv-48

- vs - District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

WANZA JACKSON, Warden,
:
Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 21) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 20). District Judge Barrett has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Order, Doc. No. 22).

Petitioner pled six Grounds for Relief. The Report concluded Ground Five was moot because the relief it requested had already been granted by the Ohio courts. Petitioner makes no objection to the proposed disposition of Ground Five. The Report recommends dismissal of the other five Grounds with prejudice and Petitioner objects as to each of them. The Objections will be analyzed *seriatim*.

**Ground One: Denial of a New Trial**

In his First Ground for Relief, McGlothin claims he was denied due process of law under

the Fourteenth Amendment when the trial court refused to grant him a new trial. On direct appeal, McGlothin asserted that the trial court's denial of a new trial was a violation of Ohio R. Crim. P. 33(A)(6). The Report concluded that McGlothin had not presented this as a federal constitutional claim to the state courts and thus had procedurally defaulted any constitutional claim (Report, Doc. No. 20, PageID 2330-31). McGlothin objects that he did in fact fairly present this claim as a federal constitutional claim to the state courts (Objections, Doc. No. 21, PageID 2349-52).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way that provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied*, 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995); *Riggins v. McMackin*, 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

If a petitioner's claims in federal habeas rest on different theories than those presented to

the state courts, they are procedurally defaulted. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004).

A petitioner fairly presents a federal habeas claim to the state courts only if he asserted both the factual and legal basis for his claim. *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F.3d at 681.

McGlothin concedes that the sole case cited by him on this assignment of error on direct appeal was *State v. Condon*, 157 Ohio App. 3d 26, 2004-Ohio-2031 (1st Dist. 2004) (Objections, Doc. No. 21, PageID 2350). McGlothin also concedes that the *Condon* court "focused primarily on Ohio R. Crim. P. 33" but also held "fundamental fairness and the interests of justice" support the position the *Condon* court took. *Id.*, *quoting Condon* at ¶ 19.

McGlothin's citation of *Condon* does not satisfy the fair presentation criteria adopted by the Sixth Circuit in *Hicks*, *supra*. In the state court , McGlothin (1) did not phrase his claim in terms of any federal constitutional right; (2) did not cite any federal cases; (3) *Condon*, the sole case on which McGlothin relied, did not employ any federal constitutional analysis – a court's claiming that its position is required by fundamental fairness and justice is not federal constitutional analysis; (4) the facts relied on are not within the mainstream of any particular federal constitutional right. McGlothin has in fact even in this Court cited no federal constitutional law authority for the proposition that a new trial is compelled when a critical witness was "unavailable" at the first trial because he or she stood on the Fifth Amendment privilege.

McGlothin does cite *Sanders v. Sullivan*, 863 F.2d 218 (2nd Cir. 1988), where the Second Circuit held in a habeas case that a petitioner would be constitutionally entitled to a new trial if he proved that he was incarcerated on the basis of perjured testimony where the testimony was (1) material to the outcome and (2) credibly recanted after trial where the petitioner was not aware of its falsity until after trial. *Sanders* was, of course, not cited on appeal, so the First District had no occasion to consider the constitutional argument it makes.

Moreover, *Sanders* does not support relief here for two reasons. First, this is not a case where a critical trial witness has credibly recanted his testimony. Short has not recanted his trial testimony at all. Instead, now protected by the Double Jeopardy Clause, he is willing to testify whereas at trial he claimed the protection of the Fifth Amendment. As the Ohio court held, Short's evidence is no surprise to McGlothin: McGlothin's attorney called Short to the stand, hoping for exactly this testimony at trial. *State v. McGlothin*, 2007-Ohio-4707, 2007 Ohio App.

LEXIS 4227, ¶ 42 (1st Dist. Sept. 14, 2007).[1]

Secondly, *Sanders* is no longer good law; it has been superseded by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") which provides that habeas relief can only be granted on the basis of law clearly established by holdings of the United States Supreme Court. The Second Circuit itself has recognized that *Sanders* was abrogated by the AEDPA. *Drake v. Portuondo*, 321 F.3d 338, 345 n.2 (2nd Cir. 2003).

McGlothin notes that he mentioned the Due Process Clause when he appealed from the First District to the Ohio Supreme Court (Objections, Doc. No. 21, PageID 2351.) Even assuming that glancing reference would have been sufficient for fair presentation,[2] it was made too late. A habeas petitioner must present his federal constitutional claims at every stage of the state court process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

McGlothin makes a separate constitutional argument that "when a state adopts a procedure it creates a 'substantial and legitimate expectation protected by the due process clause.'" (Objections, Doc. No. 21, PageID 2352, *citing Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980), and *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989). Neither case stands for the proposition for which it is cited. In *Hicks* a sentence of forty years was imposed on a petitioner under a habitual offender statute later found unconstitutional. The Supreme Court held that the limitation of possible sentences by the later declaration of unconstitutionality created a substantive liberty interest.

---

[1] It is the First District's opinion which is considered throughout this Supplemental Report because it is the last reasoned state court decision in the case. *Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

[2] Of course, it is not sufficient. See *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same).

> Where, however, a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, cf. *Greenholtz v. Nebraska Penal Inmate*s, 442 U.S. 1, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State. See *Vitek v. Jones*, 445 U.S. 480, 488-489, citing *Wolff v. McDonnell*, 418 U.S. 539;*Greenholtz v. Nebraska Penal Inmates, supra;Morrissey v. Brewer*, 408 U.S. 471.In this case Oklahoma denied the petitioner the jury sentence to which he was entitled under state law, simply on the frail conjecture that a jury might have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision. Such an arbitrary disregard of the petitioner's right to liberty is a denial of due process of law.

*Hicks, supra*, at 346. In other words, a State can create a substantive liberty (or property) interest which is then protected by the Due Process Clause from arbitrary deprivation. That is far different from constitutionalizing every state procedure. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Lastly, McGlothin asserts any procedural default should be excused because he is actually innocent (Objections, Doc. No. 21, PageID 2352). This claim is unpersuasive for the reasons given, in the Report and below, with respect to Ground Six.

In sum, it is again respectfully recommended that the First Ground for Relief be

dismissed with prejudice as procedurally defaulted or, alternatively, on the merits because there is no federal constitutional right, clearly established by Supreme Court precedent, for a new trial in the circumstances McGlothin presents.

**Ground Two: Amendment of the Indictment**

In his Second Ground for Relief, McGlothin contends he was denied fair notice of the charges against him when the trial court permitted amendments of the Indictment before trial and again after closing argument (Memorandum in Support, Doc. No. 1-1, PageID 28). The state court rejected this claim, raised as the First Assignment of Error, because McGlothin had failed to avail himself of the remedies provided by Ohio law, discharge of the jury or a continuance, and in any event was not prejudiced. *State v. McGlothin, supra*, ¶¶ 7-9. The Report found this claim procedurally defaulted (Report, Doc. No. 20, PageID 2332-34.)

McGlothin asserts that he did object to the first amendment to the indictment, quoting the record as follows:

The Court: Defense wish to be heard with regard to plaintiff's motion to amend?

Ms. Cross: Just note our objection for the record.

The Court: Okay. Do you want to state any further the basis for the objection?

Ms. Cross: No, Your Honor.

(Objections, Doc. No. 21, PageID 2353, *quoting* Transcript, Doc. No. 18-1, PageID 1169.)

The Report concluded, in error, that the First District had enforced Ohio's contemporaneous objection rule against McGlothin. What it in fact enforced was Ohio's rule that, in the face of such an amendment, a defendant is entitled to a discharge of the jury and a

continuance. Those remedies are embodied in Ohio R. Crim. P. 7(D). They are an adequate and independent basis for the First District's opinion as it would be an utter waste of public resources to allow a trial to go forward and then permit a defendant to upset the verdict when he could have obtained a continuance and, if needed, a new jury. McGlothin should be held to have procedurally defaulted this claim because he failed to use the remedies provided by Ohio law and the failure was held against him by the First District.

Alternatively, McGlothin argues that he did present this claim as a federal constitutional claim to both the First District and the Ohio Supreme Court. In contrast to the First Claim for Relief, McGlothin did in fact present this claim, at least in part, as a federal constitutional claim. In his Brief on appeal, he argued

> The Sixth Amendment to the United States Constitution provides that a defendant be given "fair notice" of the charges against him. *United States v. Combs*, 369 F. 3d 925,935 (5th C. 2004). "As this court has explained, 'fundamental decency and civilized conduct require that an accused be permitted to defend himself fairly against crimes charged to him, and to do so, it is necessary that he be fully and fairly informed of the nature and cause of the accusations against him. The fundament of such information is provided by the indictment.' Consequently, to subject someone to 'criminal prosecution without being notified of the charge against him is foreign to American jurisprudence.'"

(Appellant's Brief, Doc. No. 17-1, PageID 695, *quoting State v. Moore*, 145 Ohio App. 3d 213, 216 (1st Dist. 2001).) This argument does present a federal constitutional claim and the Second Ground for Relief is not procedurally defaulted on a lack of fair presentation basis..

The First District did decide the constitutional part of this claim against McGlothin when it held "McGlothin would not have been able to prove that he was misled or prejudiced by the amendments." *State v. McGlothin, supra*, ¶ 9.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

McGlothin has not demonstrated any way in which the state appellate court's decision is an objectively unreasonable application of the relevant United States Supreme Court law. He merely asserts that changing his status from principal to complicitor in the indictment and the underlying felony from felonious assault to aggravated robbery, another crime charged in the indictment "runs afoul of Due Process." And McGlothin offers no excuse for his procedural default in failing to ask for a continuance.

The Second Ground for Relief should be dismissed with prejudice.

**Ground Three: Prosecutorial Misconduct**

In his Third Ground for Relief, McGlothin asserts he was deprived of due process of law by the misconduct of the prosecutor. Two claims of misconduct are made: intimidation of a defense witness (co-defendant Short) and improper comments in closing argument. The Report concluded this claim should be dismissed on the merits because the First District's decision was not an objectively unreasonable application of Supreme Court precedent.

As to the first instance of asserted misconduct, the First District decided:

> **[*P18]** McGlothin called Short to testify on his behalf. Before taking the stand in front of the jury, Short asserted his right not to incriminate himself and refused to testify. McGlothin claimed that Short was refusing to testify because he had been intimidated by

> the assistant prosecutor. Prior to calling Short, McGlothin's attorneys informed the court that the assistant prosecutor had told Short's counsel that if Short testified, he would receive no consideration in the pending case against him. The trial court questioned Short's counsel to understand what had happened. Short's counsel stated that his understanding was that "[the assistant prosecutor] was certainly not going to recommend any deal if [Short] testified, not that he couldn't testify." He also told the court that the assistant prosecutor had not advised him that Short should refuse to testify. It is clear from the record that the assistant prosecutor was referring to case consideration that had been offered to Short had he testified on behalf of the state. But because the assistant prosecutor did not believe Short to be credible, he had decided not to call Short as a witness. The assistant prosecutor's statements to Short's counsel made clear that any previously offered consideration was off the table. And Short's counsel stated that, aside from the conversation that he had had with the assistant prosecutor, he did not believe that it was in Short's best interest to testify. We conclude that the record does not support McGlothin's assertion that Short had been intimidated from testifying by the assistant prosecutor.

*State v. McGlothin, supra*, ¶ 18. The Report accepted the First District's conclusion about what the record showed on this claim (Report, Doc. No. 20, PageID 2337-38). McGlothin's sole response in the Objections is "[t]his conclusion is not supported by the record." (Objections, Doc. No. 21, PageID 2356.) However, McGlothin provides no record references to refute the First District's conclusion.

Factual findings made by state courts are entitled to a high measure of deference from federal courts. *Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Marshall v. Lonberger*, 459 U.S. 422 (1983); *Sumner v. Mata*, 455 U.S. 591 (1982). That is, they are to be reviewed under the clearly erroneous standard, *Weston v. Kernan*, 50 F.3d 633 (9th Cir. 1993). Such findings include the contents of the state court record, explicit factual findings of the state court, and inferences fairly deducible from these facts; they are not to be set aside unless they lack even "fair support" in the record. *Marshall, supra.* To overcome a state court finding of fact after AEDPA, a petitioner

must show that it is an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). McGlothin has pointed to no evidence of record which undermines the First District's determination.

Furthermore, McGlothin points to no Supreme Court precedent which holds that a prosecutor may not condition a plea bargain on the willingness of a witness to testify on behalf of the State in the prosecution of a co-defendant. That is what the court of appeals found happened here and such conditions are ubiquitous in plea agreements.

McGlothin makes no objection to the Report's conclusion that the First District's conclusion on the second prong of Ground Three was not objectively unreasonable.

The Third Ground for Relief should be dismissed with prejudice.

**Ground Four: Void Indictment**

In his Fourth Ground for Relief, McGlothin asserts his conviction is unconstitutional because he was tried on a structurally deficient and void indictment which did not allege the requisite *mens rea* for aggravated robbery and robbery or any *mens rea* for the underlying felony for the murder charge.

Although the Warden asserted this claim was procedurally defaulted, the Report recommended rejecting it on the merits because the Fifth Amendment guarantee of grand jury indictment has never been incorporated into the Fourteenth Amendment (Report, Doc. No. 20, PageID 2338-39).

McGlothin objects that omission of an essential element of the crime deprived him of fair notice of the charges against him, which is required by the Fourteenth Amendment Due Process

Clause. See *Russell v. United States*, 369 U.S. 749 (1962).

The entire argument on this claim in the Memorandum in Support of the Petition[3] reads as follows:

> The omission of an essential element of the offense sought to be charged is fundamental error, and could be first raised by the defendant at any time, even on appeal, and the failure to raise it in the trial court was not a waiver of the defect in the indictment. *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917.

(Doc. No. 1-1, PageID 33.) Thus McGlothin relies entirely on *State v. Colon, supra.,* for the proposition that *mens rea* is an essential element of the crimes of murder, aggravated robbery, and robbery. McGlothin fails to acknowledge that the Ohio Supreme Court has repudiated *Colon* and held:

> [W]hen an indictment fails to charge a *mens rea* element of the crime but tracks the language of the criminal statute describing the offense, the indictment provides the defendant with adequate notice of the charges against him and is, therefore, not defective. ... *Colon I* is overruled, and *Colon II* is overruled to the extent that it holds such an indictment is defective. Further, we hold that failure to timely object to a defect in an indictment constitutes waiver of the error. Crim. R. 12(C)(2)(objections to defect in indictment must be raised before trial).

*State v. Horner*, 126 Ohio St. 3d 466, 473, 2010-Ohio-3830 (2010).[4] Thus the Ohio Supreme Court has held as a matter of Ohio law that *mens rea* is not an element required to be pleaded and also that an indictment in the language of the statute, as the indictment was in this case, is adequate notice.

The Warden is correct that this claim was never raised in the state courts and particularly

---

[3] McGlothin never filed a reply to the Answer either to bolster this claim or to respond to the Warden's procedural default argument.

[4] Failure to cite a decision overruling the authority on which one relies is at least a colorable violation of Ohio R. Prof. Cond. 3.3.

was not raised in the way *Horner* requires it to be raised. The claim is therefore procedurally defaulted. It should be dismissed with prejudice on that basis as well.

**Ground Five: Double Jeopardy**

As noted above, McGlothin has not objected to dismissal of this Ground for Relief.

**Ground Six: Actual Innocence**

In his Sixth Ground for Relief, McGlothin contends he is actually innocent of the crimes of which he stands convicted and for which he is imprisoned. He relies on his asserted actual innocence both as a stand-alone claim and to excuse any procedural default of other claims.

The Report notes that McGlothin's proffered evidence of his asserted actual innocence is the Affidavit of co-defendant Kevin Short which was presented to the Ohio courts in support of the motion for new trial. The contents of the Short Affidavit are included verbatim in the Report (Doc. No. 20, PageID 2342).

The Report concluded that any stand-alone constitutional claim based on actual innocence was procedurally defaulted because it was not fairly presented to the First District as a constitutional claim, but rather as a claim of new evidence entitling McGlothin to a new trial under Ohio R. Crim. P. 33. McGlothin makes no objection to this analysis (*see* Objections, Doc. No. 21, PageID 2358).

McGlothin also makes no objection to the conclusion in the Report that the United States Supreme Court has never recognized a stand-alone claim of actual innocence. *See Id.*

The Report also offers three pages of analysis as to why the Short Affidavit does not satisfy the "gateway" actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). McGlothin's Objection is pure *ipse dixit* – it meets the *Schlup* standard because I assert it does (Objection, Doc. No. 21, PageID 2358).

**Certificate of Appealability**

The Report concludes "[b]ecause reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous." McGlothin's Objection Six disagrees with this conclusion, but cites no case precedent in which any jurist, reasonable or not, disagrees with the conclusions reached.

**Conclusion**

Having reviewed the Report and Objections pursuant to the Recommittal Order, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice, that McGlothin be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous.

November 6, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).