## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CAMERON McGLOTHIN,                              CASE NO.: 1:09-cv-48

            Petitioner,                        Barrett, J.
                                                Merz, M.J.

    v.

WANZA JACKSON, Warden,

            Respondent.

### OPINION AND ORDER

      This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report") (Doc. 20), Petitioner Cameron McGlothin's Objections to the Report and Recommendation ("First Objections") (Doc. 21), the Magistrate Judge's Supplemental Report and Recommendation ("Supplemental Report") (Doc. 23), and Petitioner Cameron McGlothin's Objections to the Supplemental Report and Recommendation ("Second Objections") (Doc. 24).

## I.   STANDARDS OF REVIEW

### A.  Objections

      When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve any issues for review:  "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. 28 U.S.C. § 2254

Under 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Generally that means that an application for writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits in the State court unless the petitioner properly has exhausted his administrative remedies and the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b), (d). "This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). The petitioner carries the burden of proof. *Cullen*, 563 U.S. at 181.

## II.   ANALYSIS

The Report and Supplemental Report address the six Grounds for Relief plead by McGlothin and the issue of a certificate of appealability. Each Ground for Relief and the certificate of appealability are discussed below.

### A. First Ground for Relief

In his First Ground for Relief, McGlothin claims that he was denied the due process of law guaranteed by the Fourteenth Amendment when the trial court refused to grant him a new trial. (Doc. 1, PageId 5; Doc. 1-1, PageId 21). The Report recommended that the First Ground

for Relief be dismissed as procedurally defaulted because he did not fairly present it to the state court at every stage of the appellate process.  (Doc. 20, PageId 2327-31).

McGlothin objected to that recommendation on the basis that even though the only case cited in his appeal to the First District Court of Appeals was *State v. Condon*, 157 Ohio App. 3d 26 (2004), which focused primarily on Ohio R. Crim. P. 33, the court's statement that "we believe that fundamental fairness and the interests of justice support the minority view" provides a rationale sounding in due process.  (Doc. 21, PageId 2350).  He further contended that he clarified the federal nature of his claim in his memorandum to the Ohio Supreme Court.  (Id., PageId 2351-52).  Finally, he argued that the state procedural rule for granting new trials creates a substantial and legitimate expectation that is protected by the Due Process Clause.  (Doc. 21, PageId 2352).  He therefore claimed that he fairly presented his constitutional claim at the state level.  Alternatively, he argued that any procedural default would be excused because of his actual innocence.  (Doc. 21, PageId 2352).

The Supplemental Report again recommended that the First Ground for Relief be dismissed with prejudice as procedurally defaulted or, alternatively, on the merits because there is no federal constitutional right, clearly established by Supreme Court precedent, for a new trial in the circumstances McGlothin presents.  (Doc. 23, PageId 2368-69).  In a six and one-half page discussion, the Supplemental Report stated that the citation to *Condon* in the brief to the First District did not satisfy the criteria for fairly presenting both the factual and legal basis for the claim as articulated in *Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004).  Specifically, the Supplemental Report concluded that McGlothin did not phrase his claim in terms of any federal constitutional right, did not cite any federal cases, relied only on *Condon*, which did not employ any federal constitutional analysis (the reference to fundamental fairness and justice did not

amount to a federal constitutional analysis), and did not rely on any facts within the mainstream of any particular federal constitutional right.  (Doc. 23, PageId 2366).  According to the Supplemental Report, McGlothin's citation to *Sanders v. Sullivan*, 863 F.2d 218 (2d Cir. 1988) in his objections did not change the result because it was not cited on appeal so as to allow the First District to consider the constitutional argument it makes. (Doc. 23, PageId 2366).  In any event, the Supplemental Report concluded that *Sanders* did not support relief in this case because this is not a case where a critical trial witness recanted his testimony and because *Sanders* is no longer good law as it has been superseded by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which permits habeas relief to be granted only on the basis of law clearly established by holdings of the United States Supreme Court.  (Id., PageId 2367).  As for the criminal procedural rule creating an interest protected by the Due Process Clause, the Supplemental Report determined that failure to abide by state law is not itself a constitutional violation and failure to follow the state's own procedural rule is not necessarily a violation of due process.  (Doc. 23, PageId 2368).  Finally, the Supplemental Report determined that any procedural default should not be excused based on actual innocence.  (Id., PageId 2368).

In his Second Objections, McGlothin maintained that he fairly presented the constitutional issue to the First District.  He again referenced his citation to *Condon* in his appellate brief, noting that although the case focused primarily on Ohio R. Crim. P. 33, the court also phrased its opinion in terms of "fundamental fairness and the interests of justice."  (Doc. 24, PageId 2381).  He further argued that any procedural default should be excused because he is actually innocent of the charges against him.  (Id., PageId 2382).

Having reviewed the issues de novo, the undersigned agrees with the Magistrate Judge that the First Ground for Relief must be dismissed with prejudice.  The objections presented by

McGlothin do not alter the correct analysis set forth in the Report and the Supplemental Report. First, McGlothin has procedurally defaulted his First Ground for Relief. As the Report and Supplemental Report correctly explain, a federal constitutional claim is preserved for presentation in habeas corpus only when it is "fairly presented" to the state courts in a way that provides them with an opportunity to remedy the asserted constitutional violations, including presenting both the legal and factual basis of the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The Sixth Circuit explained the "fairly presented" standard in *Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (citing *McMeans*, 228 F.3d at 681):

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

The federal constitutional issue also must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

The claim presented by McGlothin to the First District does not satisfy the requisite standard for fair presentation. McGlothin's conclusory objection that he "phrased his claims in terms sufficiently particular to assert a mainstream fundamental due process" claim does nothing to undermine the analysis set forth in the Report and the Supplemental Report as to fair presentation. Indeed, he cites to nothing other than *Condon* to support that contention. As McGlothin concedes, *Condon,* the sole case relied upon in the First District, "focused primarily

on Ohio Rule of Crim. [P.] 33[.]"  (Doc. 24, PageId 2381).  The *Condon* court's bare reference to "fundamental fairness and the interests of justice" alone does not constitute a federal constitutional analysis, as explained in the Report and Supplemental Report, and was insufficient to alert the state court to a claim that specific constitutional rights allegedly were violated. Indeed, the First District decision interpreted Ohio Rule Crim. P. 33 and did not indicate that it believed it was deciding a federal constitutional question.  *State v. McGlothin*, No. C-060145, 2007 Ohio 4707 (1st Dist. Sept. 14, 2007).

Second, McGlothin has not refuted the Supplemental Report's conclusion that the failure to abide by state law is not necessarily itself a constitutional violation.  Nor has he contested the Supplemental Report's conclusion that he has cited no constitutional authority to this Court that otherwise would show that a new trial is compelled when a critical witness was "unavailable" at the first trial because he or she stood on the Fifth Amendment privilege.

Third, McGlothin's argument that any procedural default should be excused because he is actually innocent is unpersuasive, as explained with respect to Ground Six below.

Accordingly, the undersigned agrees that the First Ground for Relief should be dismissed with prejudice as procedurally defaulted or, alternatively, on the merits because McGlothin has shown no federal constitutional right, clearly established by Supreme Court precedent, for a new trial in the circumstances McGlothin presents.

**B.  <u>Second Ground for Relief</u>**

In the Second Ground for Relief, McGlothin contends that he was denied fair notice of the charges against him when the trial court permitted amendments of the Indictment before trial and again after closing argument.  (Doc. 1, PageId 7; Doc. 1-1, PageId 28).  More specifically, McGlothin alleges that, prior to trial, the trial court permitted the prosecutor to amend the

6

indictment to reflect that McGlothin was a complicitor rather than a principal and to change the felony underlying the murder charge from felonious assault to aggravated robbery. (Doc. 1, PageId 7; Doc. 1-1, PageId 28). After closing arguments, the trial court permitted the date of the offenses to be changed from August 21 to August 22. (Doc. 1, PageId 7; Doc. 1-1, PageId 28).

The Report recommended that the Second Ground for Relief be dismissed with prejudice as procedurally defaulted. (Doc. 20, PageId 2334). The Report concluded that the First District applied Ohio's contemporaneous objection rule as set forth in *State v. Glaros*, 170 Ohio St. 471, paragraph one of the syllabus (1960), which was an adequate and independent state ground of decision. (Doc. 20, PageId 2333). Because McGlothin offered no excusing cause and prejudice and also had not shown actual innocence, the Report recommended dismissal. (Doc. 20, PageId 2333-34).

McGlothin objected to the Report's recommendation, arguing that he indeed objected at trial to the first amendment, despite that objection not being overly detailed. (Doc. 21, PageId 2353). He contended that he thereafter raised the issue on direct appeal to the First District and to the Supreme Court of Ohio, couching it in terms of constitutional law. (Id., PageId 2354-55). McGlothin conceded, however, that counsel failed to object to the second amendment after closing arguments. (Id.).

The Supplemental Report acknowledged that it concluded, in error, that the First District had enforced Ohio's contemporaneous objection rule against McGlothin. (Doc. 23, PageId 2369). It instead determined that what was enforced was Ohio's rule that, in the face of such an amendment, a defendant is entitled to a discharge of the jury and a continuance, as set forth in Ohio R. Crim. P. 7(D), but that McGlothin did not request such discharge or continuance. (Id., PageId 2369-70). Finding that enforcement of Ohio R. Crim. P. 7(D) was an adequate and

7

independent state ground for the First District's opinion and finding no excuse for failure to ask for a continuance, the Supplemental Report recommended a finding of procedural default.  (Id., PageId 2370).  With respect to the alternative argument that McGlothin fairly presented his claim as a federal constitutional claim in the state courts, the Supplemental Report agreed and found no procedural default on the basis of a lack of fair presentation.  (Id.).  Nonetheless, the Supplemental Report that McGlothin had not demonstrated an objectively unreasonable application of the relevant United States Supreme Court law by the state appellate court.  (Id., PageId 2371).  As such, the Supplemental Report recommended dismissal with prejudice of the Second Ground for Relief.  (Id.).

In his objections to the Supplemental Report, McGlothin concedes that his counsel did not request a continuance pursuant to Ohio R. Crim. P. 7(D) but contends that the failure was not fatal to his claim.  (Doc. 24, PageId 2382).  Specifically, McGlothin argues that he contemporaneously objected to the amendment at trial and then presented the issue as a federal constitutional claim to the First District and the Ohio Supreme Court.  (Id.).  He also now argues that the state court's decision was an unreasonable application of the Sixth Amendment right of a criminal defendant to be informed of the nature and cause of the accusation because the indictment was amended without review by the grand jury.

The questions presented to the undersigned based on the foregoing are whether McGlothin's claim based upon the first amendment prior to trial is procedurally defaulted and, alternatively, whether the claim should be dismissed on the merits for failure to show an objectively unreasonable application of the relevant Supreme Court law.   Upon de novo review, the undersigned agrees with the Magistrate Judge that the claim should be dismissed with prejudice.

As explained in the Report and Supplemental Report, a claim may be procedurally defaulted when the decision of the state court rests on an adequate and independent state ground to deny relief. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The four-part analysis for determining whether a claim has been procedurally defaulted in this manner is set forth in the Report (Doc. 20, PageId 2332) (quoting *Maupin*, 785 F.2d at 138). Here, the First District overruled McGlothin's assignment of error on the basis that he failed to utilize the remedies embodied in Ohio R. Crim. P. 7(D). This is, as the Supplemental Report explains, an adequate and independent state ground for the decision. McGlothin has not demonstrated any cause for him to not follow the procedural rule. Accordingly, his claim is procedurally defaulted.

Even if the claim was not procedurally defaulted, it still should be dismissed because the First District's decision is not contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 101 2011).[1] Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Campbell v. Bradshaw*, 674 F.3d 578, 585 (6th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts. *Hodges v.* Colson, 727 F.3d 517, 525 (6th Cir. 2013) (citing *Williams*, 529 U.S. at 413). The proper inquiry under the "unreasonable application" analysis is whether the decision was "objectively unreasonable" and not merely erroneous or incorrect. *Lordi v. Ishee*,

---

[1] The Supreme Court has held that federal courts are not required to address a procedural default issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see also Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (citing *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003)).

384 F.3d 189, 195 (6th Cir. 2004).  McGlothin does not argue that the "contrary to" clause is applicable here. [2]  As such, only the "unreasonable application" clause is considered below.

In his Second Objections, McGlothin relies on the following principle articulated in *Russell v. United States*, 369 U.S. 749, 761 (1962):  "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation  . . . ."  (Doc. 24, PageId 2383).  He contends that the pre-trial changes to the indictment means he was not properly informed of the nature and cause of the accusation prior to trial.  As determined in the Supplemental Report, McGlothin has failed to present any caselaw or otherwise show in any way precisely how the First District unreasonably applied that legal principle to the facts of this case.

The First District correctly recognized that Ohio Crim. R. 7(D) plainly permitted the amendment, such that he had notice that such amendment could be made.  It also correctly recognized that Ohio Crim. R. 7(D) gave McGlothin an opportunity to have the jury discharged or a continuance granted as a result of the amendment.  McGlothin concedes, however, that he did not utilize the remedies available to him.  He also has not demonstrated any substantive way in which he was misled or prejudiced by the amendments.

While not discussed by the First District or McGlothin, it is noted that Ohio Rev. Code § 2923.03 supports the First District's conclusion with respect to the change from a principal offender to a complicitor specifically.  That provision provides:  "A charge of complicity may be stated in terms of this section, or in terms of the principal offense."  Ohio Rev. Code § 2923.03. The provision plainly provides a defendant notice that complicity may be an issue submitted to the jury, even upon a charge of only a principal offense.  Applying a similar provision under

---

[2] Nor does McGlothin argue that the First District's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

federal law, this circuit has held that aiding and abetting need not be charged in an indictment to support a conviction based on such a theory.  *See, e.g.*, *United States v. McGee*, 529 F.3d 691, 696 (6th Cir. 2008) ("[A]n indictment need not charge or refer to 18 U.S.C. § 2 to support a conviction based on a theory of aiding and abetting."); *Hill v. Perini*, 788 F.2d 406, 407 (6th Cir. 1986) ("[T]his court has expressly acknowledged that a defendant may be indicted for the commission of a substantive crime as a principal offender and convicted of aiding and abetting its commission although not named in the indictment as an aider and abettor without violating federal due process.") (citing *Stone v. Wingo*, 416 F.2d 857 (6th Cir. 1969)); *United States v. Lester*, 363 F.2d 68, 72 (6th Cir. 1966) ("[A]n indictment need not specifically charge 'aiding and abetting' or 'causing' the commission of an offense against the United States in order to support a jury verdict based upon a finding of either.").  McGlothin has provided no Supreme Court, or any other, precedent that would otherwise suggest that a charge as a principal was insufficient notice as to a charge for complicity or that he could nonetheless be misled or prejudiced under such circumstances.

Based on the foregoing, the undersigned cannot conclude that the First District acted objectively unreasonably in applying the facts to the legal principles in this case.  Accordingly, it must defer to the judgment of the state court by dismissing this ground for relief with prejudice.[3]

### C.  <u>Third Ground for Relief</u>

In the Third Ground for Relief, McGlothin asserts that he was deprived of due process of law by the misconduct of the prosecutor.  (Doc. 1, PageId 8; Doc. 1-1, PageId 30).  Specifically, McGlothin contends that the prosecutor intimated a defense witness who then refused to testify

---

[3] To the extent McGlothin intends to argue that he was deprived of a constitutional right due to the amendments being in the absence of a grand jury, that argument likewise is unavailing.  The right to indictment by a grand jury is not guaranteed to the States through the Fourteenth Amendment.  *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Branzburg v. Hayes*, 408 U.S. 665, 687-88 n. 25 (1972); *Williams v. Haviland*, 467 F.3d 527, 531-34 (6th Cir. 2006).

and made improper comments in closing argument that involved calling McGlothin a "liar." (Doc. 1, PageId 8; Doc. 1-1, PageId 30).

The Report recommended dismissal with prejudice because the First District's decision on the merits is entitled to deference under 28 U.S.C. § 2254(d).  (Doc. 20, PageId 2338). Specifically, the Report concluded that the record showed that the witness's decision to invoke his Fifth Amendment privilege was based on advice from his attorney and not on "intimidation" by the prosecutor and that the First District's conclusion that the prosecutor's statements in closing argument were a fair comment on the evidence is not objectively unreasonable application of Supreme Court precedent.  (Id., PageId 2337-38).

In his First Objections, McGlothin asserted that he has demonstrated that the prosecutor threatened to withhold a plea deal from the witness if he testified at McGlothin's trial.  (Doc. 21, PageId 2356).  He stated, in a conclusory fashion, that the Magistrate Judge's conclusion that the record showed that the witness's decision was based on advice from counsel "is not supported by the record."  (Id.).  McGlothin raised no objection regarding the Report's conclusion as to the prosecutor's statements in closing argument.  (*See id.,* PageId 2356-57).

Addressing that objection, the Supplemental Report again concluded that the claim should be dismissed with prejudice.  (Doc. 23, PageId 2373).  The Supplemental Report indicated that the Report accepted the First District's conclusion about what the record showed on this claim and McGlothin's failure to provide any record references in his objections meant he failed to refute or undermine the First District's conclusion.  (Id., PageId 2372-73).  The Supplemental Report further pointed out that McGlothin cited no Supreme Court precedent holding that a prosecutor may not condition a plea bargain on the willingness of a witness to testify on behalf of the State in the prosecution of a co-defendant.  (Id., PageId 2373).

In his Second Objections, McGlothin contended that the Supplemental Report "does not accurately reflect the true nature of what occurred in the court below."  (Doc. 24, PageId 2384). He specifically disputed the Supplemental Report's statement about conditioning a plea bargain on the willingness of a witness to testify on behalf of the State, arguing that his plea agreement was conditioned upon him refusing to testify at McGlothin's trial.  (Id., PageId 2384-85).  He cited to the trial transcript and motion for a new trial to support his contention.  (Doc. 24, PageId 2385).  However, McGlothin again raised no objection regarding the Report's conclusion as to the prosecutor's statements in closing argument.

There are two issues to be resolved by the undersigned as to the "intimidation" claim:  (1) whether the First District decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding; and (2) whether the First District's decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  As no objection has been raised as to the recommended dismissal of the claim concerning comments made in closing argument, that issue is not before the undersigned for further analysis.

Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."   The petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  To overcome a state-court finding of fact, a petitioner must show that it is an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2); *Rice v. Collins*, 546 U.S. 333, 338 (2006).  Upon de novo review, the undersigned concludes that McGlothin has not shown an unreasonable determination of the facts in light of the evidence presented.  The First District determined that the "record does not support McGlothin's assertion

that Short had been intimidated from testifying by the assistant prosecutor." *State v. McGlothin*, No. C-060145, 2007 Ohio 4707, ¶ 18 (1st Dist. Sept. 14, 2007).  In so concluding, the First District considered the discussions that Short's attorney and the assistant prosecutor had with the court concerning Short's testimony.  *Id.*  It determined that the case consideration that was not going to be offered to Short if he testified on behalf of McGlothin was "case consideration that had been offered to Short had he testified on behalf of the state."  *Id.*

McGlothin's citation to a portion of the trial transcript does not undermine the factual determination made by the First District that the "deal" the assistant prosecutor was referring to was case consideration that had been offered to Short had he testified on behalf of the state.  Nor does it undermine the First District's factual determination that the assistant prosecutor had never advised Short not to testify.  The portion of the trial transcript cited by McGlothin is just one statement within a ten-page discussion with the trial court about what the prosecutor represented to Short's attorney concerning his testimony.  (Doc. 18-4, PageId 2074-84).  When viewed in the context of that portion of the transcript in its entirety, the undersigned is unable to conclude that the First District made an unreasonable determination of the facts in light of the evidence presented.  Accordingly, the undersigned must give deference to the factual determinations made by the First District, despite the objections raised by McGlothin.

As for whether the determination was contrary to or an objectively unreasonable application of Supreme Court precedent (the standard for which is set forth *supra*), McGlothin has not presented any Supreme Court precedent, or any other relevant caselaw, that holds or otherwise supports the position that a prosecutor may not condition a plea bargain on the willingness of a witness to testify on behalf of the State in the prosecution of a co-defendant, which is what the First District found happened in the underlying case.

Accordingly, the Third Ground for Relief will be dismissed with prejudice in its entirety.

**D.  <u>Fourth Ground for Relief</u>**

In his Fourth Ground for Relief, McGlothin asserts that his conviction is unconstitutional because he was tried on a structurally deficient and void indictment which did not allege the requisite *mens rea* for aggravated robbery and robbery or for the felony murder charge.  (Doc. 1, PageId 10; Doc. 1-1, PageId 33).   He specifically argued that the error could be raised at any time and that the absence of these elements deprived him of his right to grand jury indictment under the Fifth Amendment.  (Doc. 1-1, PageId 33).  He relied on *State v. Colon*, 118 Ohio St. 3d 26 (2008).  (Id., PageId 33-34).

The Report recommended dismissing this claim with prejudice as without merit and failing to state a claim upon which habeas corpus relief may be granted.  (Doc. 20, PageId 2339). Specifically, the Report concluded that the Grand Jury Clause of the Fifth Amendment is not applicable to the States, and that the Supreme Court overruled *Colon* in its entirety.  (Id.).

In his First Objections, McGlothin asserted that "Due Process requires a criminal defendant receive fair notice of the charges against him" and that "the Sixth Amendment provides a defendant be given 'fair notice' of the charges against him."  (Doc. 21, PageId 2357) (citing *United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004)).  He claimed he did not have fair notice of the charges against him due to the omission of the essential element of the offense. (Doc. 21, PageId 2357-58).

The Supplemental Report again recommended dismissal of this ground for relief.  (Doc. 23, PageId 2374-75).  The Supplemental Report focused on the fact that McGlothin's entire memorandum in support of his petition concerns *State v. Colon*, 118 Ohio St. 3d 26 (2008) and the Fifth Amendment guarantee of grand jury indictment.  (Id., PageId 2373-75).  It reiterated

that *Colon* was repudiated and that the Ohio Supreme Court has held as a matter of Ohio law that *mens rea* is not an element required to be pleaded and that an indictment tracking the language of the statute, as it did in this case, is adequate notice.  (Id., PageId 2374).  Further, the Supplemental Report concluded that the issue was never raised in the state courts as required and is procedurally defaulted as well.  (Id., PageId 2374-75).

McGlothin's Second Objections concede that *Colon* was overruled, but he contends it was good law at the time he cited it in his pleadings and when he filed his petition in this Court. (Doc. 24, PageId 2386-87).  He no longer relies on *Colon* in his objections, but now argues the indictment failed to provide him "fair notice" of the charges against him pursuant to federal constitutional law, citing *United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004).  (Doc. 24, PageId 2387).  He asserts that he made the same argument to the First District in addition to his *Colon* argument.  (Id.).

For reasons similar to those set forth in the Report and Supplemental Report, the undersigned concludes that the Fourth Ground for Relief must be dismissed with prejudice. First, the Report and Supplemental Report are correct that the Grand Jury Clause of the Fifth Amendment is not applicable to the States.  *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Branzburg v. Hayes*, 408 U.S. 665, 687-88 n. 25 (1972); *Hurtado v. California*, 110 U.S. 516 (1884); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006).  McGlothin does not dispute that conclusion.

Second, McGlothin's argument relies entirely on *Colon*, 118 Ohio St. 3d 26, for the proposition that *mens rea* is an essential element of the crimes of murder, aggravated robbery, and robbery.  The Ohio Supreme Court, however, has repudiated *Colon*, holding that an indictment is not defective for failing to charge a *mens rea* element of the crime when it tracks the language of the criminal statute charging the offense.  Specifically, it held:

16

> [W]hen an indictment fails to charge a mens rea element of the crime, but
> tracks the language of the criminal statute describing the offense, the
> indictment provides the defendant with adequate notice of the charges against
> him and is, therefore, not defective. . . . . *Colon I* is overruled and *Colon II* is
> overruled to the extent that it holds that such an indictment is defective.
> Further, we hold that failure to timely object to a defect in an indictment
> constitutes a waiver of the error. Crim. R. 12(C)(2) (objections to defect in
> indictment must be raised before trial).

*State v. Horner*, 126 Ohio St. 3d 466, 473 (2010). McGlothin does not dispute that *Colon* has

been overruled or that *Horner* is applicable to this case. He also does not dispute that the

indictment in this case tracked the language of the statute, and thus, under *Horner*, provided

adequate notice. Lastly, he does not dispute the Supplemental Report's conclusion that he did

not present this claim to the states courts and particularly not in the way *Horner* requires it to be

raised.

Apparently recognizing that he no longer is able to rely on *Colon* to save his claim,

McGlothin turns to a "due process" argument. He appears to contend that this "due process"

argument stands independently of *Colon* and *Horner* and that it was fairly presented to the state

courts. Even assuming that this argument stands separately from his *Colon* argument (despite

that the entirety of his brief on this issue was premised on *Colon*'s holding), McGlothin still has

not stated a valid claim for relief. First, this claim was never raised in the state courts. As the

Report and Supplemental Report point out, the Memorandum in Support of the Petition with

respect to this ground for relief reads as follows:

> The omission of an essential element of the offense sought to be charged is a
> fundamental error, and could be first raised by the defendant at any time, even
> on appeal, and the failure to raise it in the trial court was not a waiver of the
> defect in the indictment. *State v. Colon*, 118 Ohio St. 3d 26, 2008-Ohio-1624,
> 885 N.E.2d 917.

(Doc. 1-1, PageId 33). Until his second set of objections, McGlothin had not argued, or

otherwise disputed any argument by the Warden, that he did not present the factual or legal basis

for this ground for relief to the state courts. He now claims that he did fairly present this ground for relief to the state court in his briefing to the First District (Doc. 17-1, PageId 695) to the extent he argued lack of "fair notice" pursuant to *United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004). But nowhere in his briefing to the First District does his argument based on *Combs* in any way address the omission of *mens rea*, a purported essential element of the offense, in the indictment. (*See* Doc. 17-1, PageId 695). Indeed, *Combs* itself does not address the omission of *mens rea* or whether it is an essential element of the offenses charged. Instead, *Combs* concerns the confusion of two prongs of the requirements of a statute (i.e., the indictment, which was amended by the court, did not properly track the language of the particular statutory provision with which the defendant was charged, resulting in the defendant being convicted of a different offense). *Combs*, 369 F.3d at 935-36. That is not the circumstance presented in this ground for relief, and McGlothin has not argued or demonstrated otherwise. A federal constitutional claim is preserved for presentation in habeas corpus only when it is "fairly presented" to the state courts in a way that provides them with an opportunity to remedy the asserted constitutional violations, including presenting both the legal and factual basis of the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). McGlothin's briefing and reference to *Combs* in his briefing presented neither the legal or factual basis of a claim based upon the omission of *mens rea* or whether *mens rea* is an essential element of the offense so as to allow the First District to remedy the alleged constitutional violation.

Second, McGlothin has presented no relevant caselaw that supports habeas relief on his argument that he was not provided fair notice of the charges against him in violation of the Due Process Clause due to the omission of the culpable mental state. As explained *supra*, the Grand Jury Clause of the Fifth Amendment is not applicable to the States. Nor does *Colon* support his

position. In fact, *Horner* finds to the contrary, explaining that an indictment, such as the one here, that tracks the language of the criminal statute describing the offense, but that fails to otherwise charge a *mens rea* element of the crime, provides the defendant with adequate notice of the charges against him. Finally, *Combs* does not support his position for the reasons explained *supra*. He cites no other caselaw to support his position and satisfy the requisite habeas standards.

Accordingly, McGlothin's claim shall be dismissed with prejudice.

### E. Fifth Ground for Relief

In the Fifth Ground for Relief, McGlothin asserts his Fifth Amendment protection against double jeopardy was violated when the trial court sentenced him on both the robbery and aggravated robbery charges. (Doc. 1-1, PageId 34).

The Report recommended dismissing the claim with prejudice as moot. (Doc. 20, PageId 2340). McGlothin did not object to that recommendation. (*See generally* Doc. 21). The Supplemental Report noted that McGlothin did not object to dismissal of the Fifth Ground for Relief. (Doc. 23, PageId 2375). McGlothin again raised no objection to the dismissal in his objections to the Supplemental Report. (*See generally* Doc. 24).

In the absence of specific objections, the undersigned need not review this ground for relief under the de novo standard. Accordingly, the undersigned hereby concludes that the Fifth Ground for Relief shall be dismissed as moot in accordance with the Report.

### F. Sixth Ground for Relief

In his Sixth Ground for Relief, McGlothin presents a stand-alone actual innocence claim. (Doc. 1, PageId 16; Doc. 1-1, PageId 35). McGlothin also has argued that actual innocence excuses any procedural default found to exist on his other claims.

The Report recommended dismissing McGlothin's Sixth Ground for Relief with prejudice because it is not cognizable as a stand-alone claim and does not satisfy the gateway standard to excuse procedural default. (Doc. 20, PageId 2345). With respect to the claim being cognizable, the Report relied on *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), for the assertion that "[c]ase law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim" (Doc. 20, PageId 2340). The Report further concludes that even if a stand-alone claim was cognizable, McGlothin did not present an "actual innocence" claim to the Ohio courts such that the claim is procedurally defaulted. (Id., PageId 2343). As for actual innocence as an excuse to procedural default, the Report asserts that actual innocence requires a showing that a constitutional violation has probably resulted in the conviction of one is who is actually innocent. (Id., PageId 2341). The Report concludes that the affidavit of co-defendant Short fails to satisfy that standard because it is not newly discovered evidence; there is ample other evidence that is contrary to Short's assertion in his affidavit that McGlothin did not procure his involvement and Short's affidavit does not refute that evidence; and Short's affidavit shows he was willing to lie to police to implicate McGlothin in the first instance, which undermines his credibility as a witness. (Doc. 20, PageId 2344-45).

In his First Objections, McGlothin did not present any argument directly refuting the Report's conclusion that his stand-alone claim for actual innocence is not cognizable or is procedurally defaulted. (*See* Doc. 21, PageId 2358). He instead argued that Short's affidavit meets the gateway standard set forth in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), because Short avers that he was the actual shooter and that McGlothin had absolutely no involvement in the shooting. (Id.). He asserted that the presentation of the evidence at trial likely would have

20

resulted in McGlothin's acquittal.  (Id.).  He then concluded that his actual innocence supports his stand-alone claim and provides an excuse for any procedural default.

The Supplemental Report again recommended dismissal with prejudice.  (Doc. 23, PageId 2376).  It reasserted that a stand-alone claim is not cognizable and is procedurally defaulted, noting that McGlothin made no objection to that analysis.  (Id., PageId 2375).  It also concluded that McGlothin's objection is pure *ipse dixit* and is insufficient to overcome the three-page analysis in the Report explaining why the Short affidavit does not satisfy the gateway standard for actual innocence.  (Id., PageId 2376).

In his Second Objections, McGlothin again asserted that Short's affidavit satisfies the gateway standard for actual innocence.   (Doc. 24, PageId 2388).   He reasserted the same argument presented in his First Objections and then recited the affidavit of Short.  (Doc. 24, PageId 2388-89).  He contended that the evidence would have resulted in his acquittal at trial. (Id., PageId 2389).  He did not contest in any way the conclusion in the Report and Supplemental Report that his stand-alone claim is not cognizable and is procedurally defaulted.  (*See id*., PageId 2388-89).

Upon de novo review, the undersigned agrees that Ground Six for Relief must be dismissed with prejudice.  First, for the same reasons set forth in the Report and Supplemental Report, the undersigned concludes that the stand-alone actual innocence claim is not cognizable in habeas corpus and is procedurally defaulted.  McGlothin has not refuted those conclusions in any way.

Second, for the same reasons set forth in the Report and the Supplemental Report, the undersigned concludes that McGlothin has not satisfied the gateway standard set forth in *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  His Second Objections in no way undermine the conclusions

reached in the Report and the Supplemental Report.  Instead, he essentially reasserts the same arguments made in the First Objections, which were correctly rejected in the Supplemental Report.  Further, the undersigned agrees with the Report's initial explanation as to why the Short affidavit is insufficient to satisfy the *Schlup* standard—namely, Short's admission that he was the actual shooter was part of the State's case against McGlothin such that it is not new evidence; Short's averment that McGlothin did not procure his involvement does not refute the ample evidence that McGlothin was there at the scene and searched Chastain's car after Short shot him; and Short's affidavit shows that he was willing to lie to police to implicate McGlothin thereby undermining his own credibility as a witness.  Accordingly, McGlothin has not met his burden of showing that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

### G. Certificate of Appealability

The Report recommends denying a certificate of appealability and certifying to the Sixth Circuit that any appeal would be objectively frivolous.  (Doc. 20, PageId 2345).  McGlothin objects, claiming that reasonable jurists would find it debatable whether his claims should have been resolved in a different manner, and requests a certificate of appealability.  (Doc. 21, PageId 2359).  Noting that McGlothin cites no case precedent in which any jurist, reasonable or not, disagrees with the conclusions reached, the Supplemental Report again recommends that McGlothin be denied a certificate of appealability and certify to the Sixth Circuit that any appeal would be objectively frivolous.  (Doc. 23, PageId 2376).  In his Second Objections, McGlothin again reasserts his position in a conclusory fashion, indicating that his issues are adequate to deserve encouragement to proceed further.  (Doc. 24, PageId 2390).

Having reviewed the issues presented, the undersigned agrees with the recommendations in the Report and Supplemental Report that because reasonable jurists would not disagree with the conclusions reached, McGlothin should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.  McGlothin has made no substantive or persuasive showing otherwise.

**III.**   **CONCLUSION**

Accordingly, it is ORDERED:

1.   McGlothin's First Objections (Doc. 21) and Second Objections (Doc. 24) are **OVERRULED**.

2.   The recommendations in the Report (Doc. 20) and the Supplemental Report (Doc. 23) are **ADOPTED** to the extent consistent with the foregoing.

3.   The Petition (Doc. 1) is hereby **DISMISSED WITH PREJUDICE.**

4.   Because reasonable jurists would not disagree with this conclusion, McGlothin is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT