# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CAMERON McGLOTHIN,

        Petitioner,    :    Case No. 1:09-cv-48

  - vs -                             District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

WANZA JACKSON, Warden,

                                :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on Petitioner's July 14, 2016, Application for Certificate of Appealability (ECF No. 31).

On March 29, 2016, District Judge Barrett entered final judgment in this case denying the Petition for Writ of Habeas Corpus (Order, ECF No. 27).  As part of his decision, Judge Barrett denied a certificate of appealability, writing:

> The Report recommends denying a certificate of appealability and certifying to the Sixth Circuit that any appeal would be objectively frivolous. (Doc. 20, PageId 2345). McGlothin objects, claiming that reasonable jurists would find it debatable whether his claims should have been resolved in a different manner, and requests a certificate of appealability. (Doc. 21, PageId 2359). Noting that McGlothin cites no case precedent in which any jurist, reasonable or not, disagrees with the conclusions reached, the Supplemental Report again recommends that McGlothin be denied a certificate of appealability and certify to the Sixth Circuit that any appeal would be objectively frivolous. (Doc. 23, PageId 2376). In his Second Objections, McGlothin again reasserts his position in a conclusory fashion, indicating that his issues are adequate to deserve encouragement to proceed further. (Doc. 24, PageId 2390).

1

> Having reviewed the issues presented, the undersigned agrees with the recommendations in the Report and Supplemental Report that because reasonable jurists would not disagree with the conclusions reached, McGlothin should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous. McGlothin has made no substantive or persuasive showing otherwise.

(ECF No. 27, PageID 2415-16.)

Although the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") anticipates that certificates of appealability will be issued by the circuit court of appeals (28 U.S.C. § 2353(c)), those courts delegated consideration of that question, at least in the first instance, to the district courts soon after AEDPA was enacted. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); see also *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc).  The Supreme Court reinforced that regime when it adopted revised Habeas Rule 11 which requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Because the district court must make this determination with any final adverse judgment, it has been the practice in this Court for many years to include a recommendation on the certificate of appealability issue in any report and recommendations on the merits.  In this case the Magistrate Judge did so in the initial Report, concluding that "[b]ecause reasonable jurists would not disagree with this conclusion [that the Petition should be dismissed], Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*."  (ECF No. 20, PageID 2345.)  Petitioner objected, but only in conclusory terms (Objections, ECF No. 24, PageID 2390).  Judge Barrett recommitted the case and the Magistrate Judge reiterated the same recommendation, noting that McGlothin "cites no case precedent in

which any jurist, reasonable or not, disagrees with the conclusions reached." (Supplemental Report, ECF No. 23, PageID 2376.)  Judge Barrett adopted this conclusion in his dispositive order (ECF No. 27).

McGlothin timely appealed the final judgment to the Sixth Circuit on April 27, 2016, (ECF No. 29), but delayed the instant motion for an additional two and one-half months.  The Motion was therefore filed outside the time limit for a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  Because of the pending appeal, this Court has lost jurisdiction to grant a motion under Fed. R. Civ. P. 60(b).  In any event, McGlothin has not structured his motion as a request to reconsider this Court's denial of a certificate under either Rule 59(e) or Rule 60(b), but as a de novo motion for a certificate.  Because denial of a certificate of appealability is not appealable but the issue can be considered de novo in the Court of Appeals, McGlothin's Motion should be DENIED and he should re-file it in the Court of Appeals.

August 18, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).